UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOUISIANA ENVIRONMENTAL ACTION NETWORK, ) ) ) ) Plaintiff, ) ) v. ) ) LISA JACKSON, in her Official Capacity ) as Administrator, U.S. Environmental ) Protection Agency, *et al.*, ) ) Defendants. ) ) | Civil Action No. 09-1333 (RMC) |

**MEMORANDUM OPINION**

The Louisiana Environmental Action Network ("LEAN") has sued Lisa Jackson, Administrator of the Environmental Protection Agency ("Federal Defendant") and Harold Leggett, Secretary of the Louisiana Department of Environmental Quality ("State Defendant") alleging that State Defendant has failed to comply with and that Federal Defendant has failed to enforce specific provisions of the federal Clean Air Act, 42 U.S.C. § 7401 *et seq.*, as required by law. On September 29, 2009, State Defendant moved to dismiss, arguing that LEAN failed to state a claim and that the Court lacked supplemental jurisdiction over the state law claims LEAN asserted. *See* Dkt. # 6. On November 11, 2009, LEAN moved to withdraw its state law claims and dismiss State Defendant without prejudice. *See* Dkt. # 11. LEAN then filed a motion for leave to amend its Complaint. *See* Dkt. # 14.

On November 18, 2009, the Court suspended briefing on State Defendant's motion to dismiss, ordering LEAN and Federal Defendant to file their responses to that motion no more than

ten days after the Court rules on LEAN's partial motion to dismiss or LEAN's motion for leave to amend the complaint, whichever order is later. *See* Nov. 18, 2009, Minute Order. The Court considers LEAN's motions now.

## I. BACKGROUND

LEAN filed this lawsuit against State and Federal Defendants on July 17, 2009. *See* Compl. [Dkt. # 1]. Thereafter, it appears LEAN entered into settlement discussions with Federal Defendant but not State Defendant. *See* Mots. For Extension of Time [Dkt. ## 3, 5, & 7]. On September 29, 2009, State Defendant filed a motion to dismiss for lack of subject matter jurisdiction, improper venue, and failure to state a claim, alleging, among other things, that LEAN's claim against State Defendant was barred by the Eleventh Amendment to the Constitution. *See* Dkt. # 6 at 1-2. LEAN filed a motion for extension of time to respond to State Defendant's motion, stating that LEAN and Federal Defendant were still in settlement talks and hoped to resolve the matter. *See* Dkt. # 7.

On October 8, 2009, Louisiana Chemical Association, Louisiana Mid-Continent Oil & Gas Association, and Baton Rouge Area Chamber ("Intervenors") moved to intervene in this action. *See* Dkt. # 8. That motion was granted on November 24, 2009. Federal Defendant filed an answer to the Complaint on October 29, 2009. *See* Dkt. # 9. On November 11, LEAN moved to dismiss State Defendant from the case, *see* Dkt. # 11, and, on November 12, it moved for leave to file an amended complaint. *See* Dkt. # 14. The Court then suspended briefing on State Defendant's motion to dismiss pending the resolution of LEAN's motion for partial dismissal and motion for leave to amend the Complaint. *See* Nov. 18, 2009 Minute Order. Additionally, Intervenors filed a motion for leave to file a response to LEAN's motion for partial dismissal and attached their

proposed response thereto.  *See* Dkt. # 16.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action.  Fed. R. Civ. P. 41(a)(1).  Under Rule 41(a)(1), a plaintiff may dismiss a civil action without an order of the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties.  *Id.*; *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003).  Otherwise, under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1339 (D.C. Cir. 1988).  Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also* 9 Fed. Prac. & Proc. Civ. 2d § 2364.  A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant.  *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).

## III.  ANALYSIS

LEAN states that it has "decided to withdraw its request that this Court assert supplemental jurisdiction over its claim against [State Defendant]," and goes on to note that a dismissal for lack of supplemental jurisdiction is without prejudice.  LEAN's Mot. for Voluntary

Partial Dismissal [Dkt. # 11] at 2.  However, as State Defendant has filed a motion to dismiss pursuant to Rule 12(b) but has not yet filed an answer to the Complaint nor a motion for summary judgment, LEAN's request to withdraw its claims against State Defendant is more properly treated as a notice of voluntary dismissal pursuant to Rule 41(a)(1).  *See Black Ride III, Inc. v. West*, Civ. Action No. 04-1027, 2005 U.S. Dist. LEXIS 13361, *8-9 (D.D.C. June 28, 2005) (finding that a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim does not deprive plaintiff of right to voluntarily dismiss its claims); *Kelly v. Rockefeller Group, Inc.*, Civ. Action No. 91-2002, 1992 U.S. Dist. LEXIS 14957 (D.N.J. June 18, 1992) (plaintiff's motion for partial dismissal should be treated as a Rule 41 notice rather than a motion to dismiss for lack of jurisdiction where the court has not yet made factual determinations regarding jurisdiction).  Thus, LEAN has the right to withdraw its claims against State Defendant without leave from the Court.  LEAN's motion will be granted.

Furthermore, the Court agrees with LEAN that should State Defendant wish to intervene in this action, it must move to intervene pursuant to Rule 24.  State Defendant asserted Eleventh Amendment immunity in its motion to dismiss.  Where a state voluntarily intervenes in a case in federal court, however, it is submitting to that court's jurisdiction and waiving its Eleventh Amendment immunity.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 619 (2002) (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883)).  The Court will deny State Defendant's motion to dismiss without prejudice.

## IV. CONCLUSION

For the foregoing reasons, LEAN's motion for partial dismissal [Dkt. # 11] and its motion to amend the complaint [Dkt. # 14] will be granted.  State Defendant will be dismissed

without prejudice.  State Defendant's motion to dismiss [Dkt. # 6] will be denied without prejudice.  Finally, the Intervenors' motion to file a response to LEAN's motion [Dkt. # 16] will be granted.  The Court considered the Intervenors' response in deciding this motion.  A memorializing Order accompanies this Memorandum Opinion.


Date:   February 17, 2010                             /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge