## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
|                                          )
LOUISIANA ENVIRONMENTAL                    )
ACTION NETWORK,                            )
                                           )
            Plaintiff,         )
                                           )
      v.                       )     Civ. Action No. 1:09-cv-01333- RMC
                                           )
LISA JACKSON,                              )
Administrator, United States               )
Environmental Protection Agency,           )
                                           )
           Defendant.        )
_____)

### EPA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Lisa Jackson, Administrator, United States Environmental Protection Agency

("EPA"), through counsel, hereby responds to Plaintiff Louisiana Environmental Action

Network's Complaint for Declaratory and Injunctive Relief.  All allegations not specifically

admitted are denied.

1.  Paragraph 1 characterizes the Complaint, and thus no response is required.  To the

extent a response is required, EPA denies the allegations in Paragraph 1.

2.  The first sentence of Paragraph 2 characterizes EPA's action announced at 73 Fed.

Reg. 16,436 (Mar. 27, 2008), which speaks for itself, and is the best evidence of its contents, and

thus no response is required.  EPA lacks sufficient knowledge or information to admit or deny

the allegations in the second and third sentences of Paragraph 2.

3.  EPA lacks sufficient knowledge or information to admit or deny the allegations in the

first sentence of Paragraph 3.  The second sentence of Paragraph 3 characterizes EPA's action

announced at 73 Fed. Reg. 16,436 (Mar. 27, 2008), which speaks for itself, and is the best

evidence of its contents, and thus no response is required.

4. Paragraph 4 characterizes the Clean Air Act ("CAA"), which speaks for itself, and is the best evidence of its contents, and thus no response is required.

5. The first sentence of Paragraph 5 characterizes EPA's action announced at 68 Fed. Reg. 20,077 (April 24, 2003), which speaks for itself, and is the best evidence of its contents, and thus no response is required.  In response to the allegations in the second sentence of Paragraph 5, EPA admits that Louisiana has not submitted certain of the requirements for a severe area in accordance with a schedule set forth in EPA's April 24, 2003, action.  EPA further admits that it has not adopted federal regulations on behalf of the State, but EPA denies that it has any duty to promulgate such regulations.

6. EPA is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. In response to the allegations in Paragraph 9, EPA admits that its Headquarters are located in the District of Columbia.  The remainder of Paragraph 9 contains legal conclusions to which no response is required.

10. EPA admits the allegations in the first sentence of Paragraph 10.  The second sentence of Paragraph 10 contains legal conclusions to which no response is required.

11. EPA admits the allegations in Paragraph 11.

12. EPA admits the allegations in the first sentence of Paragraph 12.  EPA denies the allegations in the second sentence of Paragraph 12.

13.  EPA lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14.  EPA lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.  In response to the allegations in Paragraph 15, EPA admits that Lisa Jackson is the Administrator of EPA and responsible for directing the activities of the agency and implementing the requirements of the Clean Air Act applicable to EPA.

16.  Paragraph 16 characterizes the Clean Air Act ("CAA"), which speaks for itself, and is the best evidence of its contents, and thus no response is required.

17.  Paragraph 17 characterizes the Clean Air Act ("CAA"), which speaks for itself, and is the best evidence of its contents, and thus no response is required.

18.  Paragraph 18 characterizes the Clean Air Act ("CAA"), which speaks for itself, and is the best evidence of its contents, and thus no response is required.

19.  EPA admits that ozone is a pollutant for which EPA has established national ambient air quality standards under the Act.  The remainder of the paragraph characterizes several rulemaking actions taken by EPA, which speak for themselves and are the best evidence of their contents, and thus no response is required.

20.  EPA admits that ozone is a pollutant for which EPA has established national ambient air quality standards under the Act.  The remainder of the paragraph characterizes several rulemaking actions taken by EPA, which speak for themselves, and are the best evidence of their contents, and thus no response is required.

21.  Paragraph 21 characterizes the Clean Air Act ("CAA"), which speaks for itself, and

is the best evidence of its contents, and thus no response is required.

22.   Paragraph 22 contains conclusions of law, to which no response is required.

23.   The first sentence of Paragraph 23 characterizes EPA's actions announced at 43 Fed.
Reg. 8962 (March 3, 1978), which speaks for itself, and is the best evidence of its contents, and
thus no response is required.  The second sentence of Paragraph 23 characterizes EPA's actions
announced at 56 Fed. Reg. 56,694 (Nov. 6, 1991), which speaks for itself, and is the best
evidence of its contents, and thus no response is required.

24.   Paragraph 24 characterizes EPA's actions announced at 67 Fed. Reg. 42,688 (June
24, 2002) and 68 Fed. Reg. 20,077 (April 24, 2003), which speak for themselves, and are the best
evidence of their contents, and thus no response is required.

25.   In response to the allegations in Paragraph 25, EPA denies that the Administrator has
made any finding that the Baton Rouge area has failed to attain the 1-hour standard.  Such a
finding cannot be made in the absence of notice and comment rulemaking.  EPA admits that
there is air quality data that may support such a determination.

26.   EPA lacks sufficient information to admit or deny the allegations in the first sentence
of Paragraph 26.  The second sentence of Paragraph 26 characterizes EPA's action announced at
66 Fed. Reg. 36,656, which speaks for itself, and is the best evidence of its contents, and thus no
response is required.  The third sentence of Paragraph 26 characterizes EPA's action announced
at 60 Fed. Reg. 4712 (Jan. 24, 1995), which speaks for itself and is the best evidence of its
contents, and thus no response is required.

27.   EPA lacks sufficient information to admit or deny the allegations in the first sentence
of Paragraph 27.  EPA denies the allegations in the second sentence of Paragraph 27.  The third

-4-

sentence of Paragraph 27 characterizes Plaintiff's Notice of Intent, which speaks for itself and is the best evidence of its contents, and thus no response is required.

28.  Paragraph 28 contains legal conclusions to which no response is required.

29.  The first sentence of Paragraph 29 characterizes EPA's action announced at 68 Fed. Reg. 20,077 (April 24, 2003), which speaks for itself, and is the best evidence of its contents, and thus no response is required.  The remainder of Paragraph 29 contains legal conclusions to which no response is required.

30.  Paragraph 30 characterizes EPA's Motion to Vacate and Remand in *Lean v. EPA*, (5th Cir. 2004) (No. 002-60991),which speaks for itself, and is the best evidence of its contents, and thus no response is required.

31.  Paragraph 31 contains legal conclusions to which no response is required.

32.  Paragraph 32 characterizes EPA's Motion to Vacate and Remand in *Lean v. EPA*, (5th Cir. 2004) (No. 002-60991),which speaks for itself, and is the best evidence of its contents, and thus no response is required.

33.  Paragraph 33 contains legal conclusions to which no response is required.

34.  Paragraph 34 characterizes EPA's action announced at 68 Fed. Reg. 20,077 (April 24, 2003) and EPA's Motion to Vacate and Remand in *Lean v. EPA*, (5th Cir. 2004) (No. 002-60991), which speak for themselves, and are the best evidence of their contents, and thus no response is required.

35.  EPA lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35.

36.  In response to the allegations in Paragraph 36, EPA admits that Louisiana has not

submitted certain regulations for the Baton Rouge area necessary to implement Clean Air Act requirements for ozone nonattainment areas that have been designated as "severe" nonattainment areas, but EPA denies that the Administrator has made any finding that the State has failed to make a required submission.

37.  In response to the allegations in Paragraph 37, EPA admits that it has not promulgated a federal implementation plan for the Baton Rouge Area to implement Clean Air Act requirements for ozone nonattainment areas that have been designated as "severe" nonattainment areas.  EPA otherwise denies the allegations in Paragraph 37.

38.   In response to the allegations in Paragraph 38, EPA admits that Louisiana has not submitted certain severe nonattainment area requirements for the Baton Rouge area by June 23, 2004, and admits that more than two years have elapsed since June 23, 2004.  EPA denies the remaining allegations in Paragraph 38.

39.  EPA denies the allegations in Paragraph 39.

## GENERAL DENIAL

To the extent that this Answer does not contain a response to any allegations of the Complaint, EPA generally denies such allegations.  EPA denies that Plaintiff is entitled to the relief sought.

## DEFENSES

Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant EPA prays that this Court deny all of Plaintiff's claims for relief against EPA, enter judgment in favor of Defendant EPA, and against Plaintiff, grant Defendant EPA its costs of suit herein, and grant such other relief as the Court may deem just and appropriate.

Respectfully submitted,

IGNACIA S. MORENO
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


_____/s/ Eric G. Hostetler_____
ERIC G. HOSTETLER
D.C. Bar No. 445917
Environmental Defense Section
P.O. Box 23986
Washington D.C.  20026-3986
Tel:  (202) 305-2326
Fax: (202) 514-8865
eric.hostetler@usdoj.gov

Dated: March 4, 2010                         Counsel for Defendants